JAMES B. McDONOUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21462. Promulgated May 14, 1929.

*James B. McDonough, Esq.,* pro se.
*E. C. Lake, Esq.,* for the respondent.

558

OPINION.

PHILLIPS: In the year 1922 petitioner received $3,000 as compensation for legal services rendered by him to the Ft. Smith-Van Buren District in the State of Arkansas. The question presented by this proceeding is whether such compensation is subject to the Federal income tax.

The Ft. Smith-Van Buren District was created by an Act of the General Assembly of Arkansas in 1909 (Laws of 1909, p. 325), as a public or governmental agency for the construction and operation of a bridge over a navigable river between two counties in Arkansas. See *Shibley* v. *Ft. Smith-Van Buren District*, 96 Ark. 410; 132 S. W. 442. There is no doubt that it was a municipal corporation and a political subdivision of the State of Arkansas. It was empowered to appoint all officers and agents which it deemed necessary and suitable for the conduct of its business. It was authorized to sue and be sued and plead and be impleaded. By clear implication it was authorized to appoint an attorney. During the years 1914 and 1915 petitioner was appointed attorney for the District to attend to all its legal matters. For the routine legal services petitioner was to be paid $500 per year. If it became necessary to go into court on behalf of the District, he was to be paid such additional compensation as the Board of the District might determine. Petitioner was not employed for a special transaction or for a single suit. He was not employed to accomplish any particular result in a way chosen by himself, but was obliged to render any legal service assigned to

him. He was employed to take care of all legal work of the District and to advise the Board in any matters it desired. The Board had the right to call upon him at any and all times for legal services, and he was bound to perform such services regardless of the time required. While he maintained an office for the practice of law and took other clients, he was precluded from serving such clients where their interests were adverse to the interests of the Bridge District. Although the length of his service was not defined by the terms of his employment, he was, at least, employed from year to year. In this situation we think that one whose services are so at the command of another is an employee of the latter, though the services are legal services of a lawyer who maintains his own office and is not forbidden to render professional services to others. *Seaboard Airline Railway Co.* v. *Continental Trust Co.*, 166 Fed. 577; *John E. Mathews*, 8 B. T. A. 209; affirmed on this point in *Blair* v. *Mathews*, 29 Fed. (2d) 892.

That petitioner received compensation for cases tried in court does not in any way affect his status as an employee as to those services. Under his contract of employment he was obligated to prosecute or defend all cases in court where the Bridge District required his services. These duties were in addition to the regular routine services for which he received $500 per year. That he received additional compensation for such services was not inconsistent with his employment and did not make him an independent contractor as to those services. The necessity of defending the suit in question merely increased his duties and served to increase his compensation. We are of the opinion that petitioner was an employee of the Ft. Smith-Van Buren District, whether acting as attorney in litigation or as counsel on routine matters, and that the compensation received for his services is exempt from Federal income tax. *John E. Mathews, supra; Howard Webster Byers*, 8 B. T. A. 1191; *B. F. Martin*, 12 B. T. A. 267. See also Revenue Act of 1926, sec. 1211.

*Decision will be entered for the petitioner.*